**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>***Plaintiff,***<br>**v.**<br><br>**LESHON EUGENE JOHNSON**<br>**a/k/a Shon Johnson,**<br><br>***Defendant.*** | **Case No. CR-25-12-JFH** |

**GOVERNMENT'S OPPOSED MOTION TO ADMIT USMS DOG CONTRACTOR MATERIALS AS BUSINESS RECORDS PURSUANT TO FED. R. EVID. 104(a), 803(6), 901(a) AND 902(11)**

The United States respectfully requests that the Court issue an order admitting certain certified business records prior to the upcoming trial in this matter, namely inventory forms, photographs, and intake exam forms pertaining to dogs seized pursuant to a warrant issued by this Court. The government previously served the Defendant with Bates-numbered electronic copies of these records in its Fed. R. Crim. P. 16 discovery production. Counsel for Defendant indicated that Defendant opposes this motion.

The United States seeks a ruling on this issue prior to trial pursuant to Fed. R. Evid. 104(a) and 901(a), because if the Court grants this motion, the government will be able to release at least one witness who would otherwise testify at trial. It is in the parties' and the Court's interest to streamline the trial, particularly where there is no genuine dispute about the authenticity of the records. Because Rules 104(a) and 901(a) permit the Court to pass on the admissibility of these exhibits prior to trial, and because they are self-authenticating and admissible under Rules 803(6) and 902(11), the Court should grant this motion.

**A. Legal Standard**

Rule 803(6) provides that records of "an act, event, condition, opinion, or diagnosis" are admissible if: (a) the record was made at or near the time by or from information transmitted by a person with knowledge; (b) the record was kept in the course of a regularly conducted activity of a business; (c) making the record was a regular practice of that activity; (d) all of the foregoing conditions are shown by a certification that complies with Rule 902(11); and (e) neither the source nor circumstances of preparation indicate a lack of trustworthiness.

**B. The Court Should Admit Each Category of Certified Business Records.**

The United States seeks to introduce at trial three categories of business records generated by a private business entity operating under contract with the U.S. Marshals Service ("USMS") to provide handling, transportation, and housing of live animals seized as part of federal law enforcement investigations. This private business entity takes possession of the dogs on USMS's behalf in cases such as this one, during the pendency of legal process to resolve property interests in the dogs as provided for in the Animal Welfare Act, 7 U.S.C. § 2156(e). The Animal Welfare Act requires the government to provide veterinary care and a safe place for seized fighting dogs. *Id.*

This business entity also trains, houses, deploys, and loans explosives detection and other working dogs to the military, law enforcement, and other private business entities. *See* Exhibit A. In a separate motion, the United States will move for a protective order precluding public disclosure of the identity of this business. Each type of record at issue is created by the business entity as part of its regular animal inventory and documentation process, as attested in the attached certificate of authenticity. *See id.*

Pursuant to the accompanying business-records certificate, which satisfies all of the conditions in Rule 803(6), these exhibits are self-authenticating and admissible as business records. *See United States v. Jacoby,* 955 F.2d 1527, 1534-35 (11th Cir. 1992); *see also United States v. Bueno-Sierra*, 99 F.3d 375, 378 (11th Cir. 1996) (stating that the "touchstone of admissibility under the business records exception to the hearsay rule is reliability, and a trial judge has broad discretion to determine the admissibility of such evidence").

Courts have granted nearly identical motions for the same types of USMS contractor records. *See* Exhibit E, *United States v. Adams*, 2:24-CR-122-RDP-NAD (S.D. Al. March 21, 2025) (ECF No. 68, granting government's motion *in limine* (ECF No. 56), to admit USMS dog contractor materials as business records) and *United States v. Solomon*, 1:18-cr-58-LAG, Minute Order (M.D. Ga. May 21, 2021) (ECF No. 399, granting government's motion *in limine* (ECF No. 373) to admit USMS dog contractor records as business records). In *Solomon,* these records were then admitted at trial as business records without the need for an authenticating witness. *See id.* The Court should do likewise here and admit the inventory forms, photographs, and intake documents described below.

**1. Inventory Log**

The USMS utilizes private contractor companies to facilitate seizures of live animals subject to forfeiture by law. As part of their normal animal-handling business operations in this and other settings, the contractors generate and maintain records that assign an inventory number to each animal, with identifying information to help keep track of which animal is assigned which inventory number. *See* Exhibit A. This matter involves live dogs seized from Defendant's residence and rural property in Broken Arrow and Haskell, Oklahoma on October 17, 2024, pursuant to a warrant issued by this Court. The inventory log is attached as Exhibit B and has been

marked for trial as Government's Exhibit 126. Since the contractor has certified the authenticity of these records and that they were generated in the ordinary course of business, the Court should grant this motion and admit the inventory log.

**2. Photographs**

As part of the documentation and inventory process described above, and because many dogs look alike, the USMS contractor further associates each dog with an inventory number by generating a series of photos of each dog with inventory number marking devices seen in the photos. Some of these are taken *in situ* at the search warrant location, while some are taken upon arrival at the contractor's facility where there is time and space to take additional photographs. A further function of these photos is to document the condition of animals as they come into the contractor's custody so that the business entity can demonstrate, if needed, that certain injuries, etc. predated the contractor's custody and were not incurred at its facilities.

The photographs that are the subject of this motion pertain to the sixty-seven dogs seized from the Defendant's property. Although the parties have not yet exchanged a full set of labeled trial exhibits, the United States intends to label these photographs as Government Trial Exhibits XXXXb and XXXXc, one set per dog, where XXXX is the dog's inventory number, the suffix "b" pertains to site photographs, and the suffix "c" pertains to exam photographs. The dog inventory numbers range from USM-1742 to USM-1931. The attached certification includes a table that lists each photograph by both its discovery Bates number and its trial exhibit number. *See* Exhibit A. The government is attaching a representative sample set here as Exhibit C (pertaining to dog 1754).

Photographs such as these are an admissible form of business records. *United States v. Clotaire*, 963 F.3d 1288, 1294 (11th Cir. 2020); *see also id.* at 1294-1295 (finding that photographs admitted as business records did not violate defendant's Confrontation Clause rights). Since the

contractor has certified the authenticity of these records and that they were generated in the ordinary course of business, the Court should grant this motion and admit the photograph exhibits listed above.

**3. Intake Exam Records**

Finally, the United States tenders veterinary intake summaries and scar chart forms for a subset of the seized dogs. The records consist of an intake form for each of these dogs, with a "scar chart diagram." The United States intends to label these as Government Trial Exhibits XXXXa, one per dog, where XXXX is the dog's inventory number. The attached certification includes a table that lists each record by both its discovery Bates number and its trial exhibit number. *See* Exhibit A. The government is attaching a representative document here as Exhibit D (pertaining to dog 1754).

The business entity compiles these records to document the condition of animals as they come into the entity's custody, similar to a diagram showing pre-existing dents on a rental car. This is so that the business entity can demonstrate, if needed, that certain injuries and illnesses predated the contractor's custody and were not incurred at its facilities. These records document an "event, condition, opinion, or diagnosis," were made at or near the time by or from information transmitted by a person with knowledge, and were kept in the course of a regularly conducted activity of a business for which making the record was a regular practice of that activity. Fed. R. Evid. 803(6).

Separately, the government will call an expert witness, unaffiliated with the USMS contractor, to testify as to his conclusions regarding the injuries and scars documented in the photographs and diagrams. The government has already provided this expert's disclosure materials to the defense. Accordingly, should the Court grants this motion, the Defendant will still have an

opportunity to cross-examine a live witness regarding conclusions to be drawn from the photographs and accompanying records.

## Conclusion

The noticed exhibits meet the requirements of Fed. R. Evid. 803(6) and 902(11) to be admitted as self-authenticating certified business records. Because this motion, if granted, would streamline the trial presentation and the number of required witnesses, the government respectfully requests that the Court rule on the admissibility of these exhibits prior to the start of trial pursuant to Fed. R. Evid. 901(a) and 104(a).

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

s/ *Sarah M. Brown*
SARAH BROWN, Mont. Bar # 55788388
Trial Attorney
Environmental Crimes Section
150 M St. NE, Room 4.206
Washington, DC 20002
(202) 305-0202
Sarah.Brown2@usdoj.gov

s/ Ethan Eddy
ETHAN EDDY, Cal. Bar # 237214
Senior Trial Attorney
Environmental Crimes Section
150 M St. NE, Room 4.206
Washington, DC 20002
(202) 532-3181
Ethan.Eddy@usdoj.gov

CHRISTOPHER J. WILSON
United States Attorney

s/ JORDAN HOWANITZ
Jordan Howanitz
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Courtney R. Jordan, Attorney for Defendant.
Thomas M. Wright, Attorney for Defendant.

*/s Sarah M. Brown*
Trial Attorney