*United States v. Leshon Johnson*, 6:25-cr-12-JFH

# Exhibit E to Gov't Mot. to Admit Business Records

FILED
2025 Mar-21 PM 03:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:24-CR-122-RDP-NAD-1** |
| | } | |
| **CARLTON LENARD ADAMS,** | } | |
| | } | |
| **Defendant.** | } | |

**ORDER**

This matter is before the court on the Government's Motion to Admit USMS Dog Contractor Materials as Business Records Pursuant to Fed. R. Evid. 104(a), 803(6), and 902(11). (Doc. # 56). In the Motion (Doc. # 56), the Government asks the court to decide in limine whether three categories of documents (including inventory forms, photographs, and intake exam forms pertaining to dogs seized) are admissible as certified business records under Federal Rule of Evidence 803(6). Defendant responds that he does not oppose admission of the inventory form (as redacted) or photographs as business records without the need for testimony by a records custodian. (Doc. # 59 at 1). However, Defendant objects to admission of the intake exam forms, asserting that they are testimonial in nature and, therefore, the Sixth Amendment requires the Government to present live testimony from witnesses who can authenticate the forms. (*Id.*).

The Sixth Amendment's Confrontation Clause guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. As interpreted by the Supreme Court, the Confrontation Clause secures the right of a criminal defendant to object to the admission of out-of-court statements that are testimonial in nature when the defendant has not been able to cross examine the declarant who

made the statements. *See Bullcoming v. New Mexico*, 564 U.S. 647, 657 (2011). Examples of "testimonial" statements include: "*ex parte* in-court testimony or its functional equivalent – that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially," "formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions," or "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford v. Washington*, 541 U.S. 36, 51-52 (2004).

Defendant emphasizes the Government's admission that it contracted with the third-party business entity completing the intake forms "to provide handling, transportation, and housing of live animals seized *as part of federal law enforcement investigations*." (Doc. # 59 at 3 (quoting Doc. # 56 at 2) (emphasis added)). So, Defendant argues, when the entity completed portions of the form, such as noting the scarring or injuries present on the dogs, those statements were testimonial because they were "for the purpose of establishing some fact" – that is, that the dogs had engaged in fighting. (*Id.*). The Government replies that, in dicta, the Supreme Court in *Smith v. Arizona* clarified that the inquiry about whether a statement is testimonial should "focus[] on the '*primary purpose*' of the statement" at issue. (Doc. # 61 at 3 (quoting 602 U.S. 779, 800 (2024) (emphasis added in Reply))). The Government argues that the primary purpose of the intake forms was to facilitate "the contractor's legitimate business purpose of documenting the condition of animals that come into its custody, which enables it to better provide for their care and track pre-existing illnesses and injuries." (*Id.* at 3-4).

The court agrees with the Government that the intake forms are not testimonial. Unlike an affidavit, deposition, or form completed for the primary purpose of preparing for trial, the intake

forms were for the primary purpose of facilitating animal care. The fact that the Government contracts with the third-party entity to care for the animals seized "*as part of federal law enforcement investigations*" (Doc. # 59 at 3 (quoting Doc. # 56 at 2) (emphasis added)) does not mean that the *entity's* primary purpose in completing the intake forms was to help prepare the Government's case for trial.

By contrast, statements such as autopsy reports, *see United States v. Ignasiak*, 667 F.3d 1217, 1230 (11th Cir. 2012), or a drug test from a forensic laboratory, are testimonial because they are "functionally identical to live, in-court testimony . . . offering proof that [the crime was committed]." *Id.* (citing and discussing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310-11 (2009)). Here, the intake forms do not offer such proof, as they only establish that the dogs seized had certain injuries at the time of their intake. There could be reasons for such injuries that are wholly unrelated to criminal activity, or not linked in any way to Defendant. Unlike an autopsy, which typically offers an opinion as to cause of death, the forms at issue here do not offer an opinion as to what caused any wounds. And, unlike a drug test, which provides evidence of the presence or absence of an illegal drug, the forms only provide evidence of injuries that may or may not be the result of illegal activity. As evidence that does not constitute proof of the crime, the intake forms are distinct from testimonial out-of-court statements.

For these reasons, the Government's Motion (Doc. # 56) is **GRANTED**.

**DONE** and **ORDERED** this March 21, 2025.

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE