Gmail

**Courtney Jordan <courtney@sulilawpllc.com>**

## USA v Johnsons; Number of Deceased Dogs

**Courtney Jordan** <courtney@sulilawpllc.com> Tue, May 6, 2025 at 11:06 AM
To: Sarah Brown <Sarah.Brown2@usdoj.gov>, ethan.eddy@doj.gov, Jordan Howanitz <Jordan.Howanitz@usdoj.gov>
Cc: Tom Wright <tom@tomwrightlaw.com>

Hi Sarah,

As of April 14, 2025, 12 of the 190 dogs listed in the Indictment were reported as deceased. I wanted to check in to see if that number has changed in the past few weeks. If there are updated figures, please let me know as soon as possible.

Thank you,
--
Courtney R. Jordan
*Founding Attorney*
SULI LAW, PLLC
2448 E 81st St., Suite 4818
Tulsa, Oklahoma 74137
Work: 539-322-5442
Cell: 918-530-1202
Email: courtney@sulilawpllc.com

Gmail

Courtney Jordan <courtney@sulilawpllc.com>

## USA v Johnsons; Number of Deceased Dogs

**Brown, Sarah (ENRD)** <Sarah.Brown2@usdoj.gov> Thu, May 8, 2025 at 3:03 PM
To: Courtney Jordan <courtney@sulilawpllc.com>, Tom Wright <tom@tomwrightlaw.com>
Cc: "Howanitz, Jordan (USAOKE)" <Jordan.Howanitz@usdoj.gov>, "Eddy, Ethan (ENRD)" <Ethan.Eddy@usdoj.gov>

Hi, Courtney –

Thank you for your inquiry. Will you please provide us with the basis for why you think this information is discoverable? We previously disclosed the number of deceased dogs in the context of your client's Rule 16 inspection. Our position remains that a general request regarding the post-seizure condition of the dogs is not discoverable material.

If you'd like, we're happy to discuss this further once we get a phone call scheduled.

Also – just a heads up that some of your emails haven't been getting to Ethan. It looks like they use an incorrect email address. His correct address is ethan.eddy@usdoj.gov.

Thank you,

-Sarah

[Quoted text hidden]

Gmail **Courtney Jordan <courtney@sulilawpllc.com>**

---

## USA v Johnsons; Number of Deceased Dogs

---

**Courtney Jordan** <courtney@sulilawpllc.com> Fri, May 9, 2025 at 7:05 AM
To: "Brown, Sarah (ENRD)" <Sarah.Brown2@usdoj.gov>
Cc: Tom Wright <tom@tomwrightlaw.com>, "Howanitz, Jordan (USAOKE)" <Jordan.Howanitz@usdoj.gov>, "Eddy, Ethan (ENRD)" <Ethan.Eddy@usdoj.gov>

Sarah,

The deceased dogs were primary physical evidence supporting multiple possession charges, and their loss denies Defendant the ability to conduct independent behavioral assessments and expert analysis to dispute allegations that they were bred or trained for fighting. The government's failure to preserve these animals raises concerns about evidentiary reliability and fairness, particularly if additional dogs have died while in custody.

Further, if more dogs have perished, it directly impacts the government's asset forfeiture claim, which assumes that seized animals remain under its control. If the government failed to properly care for them, it undermines their ability to argue that forfeiture is justified. Transparency in how these dogs were managed and how many have died is necessary for the defense to evaluate the integrity of the evidence, challenge government oversight, and prepare expert testimony.

Since we have an obligation to confer and the government has requested a call, we will take the call. Our position remains that we are entitled to all the documents. We have repeatedly requested said documents and given multiple explanations that have required us to disclose defense strategy that the government is otherwise not entitled to know prior to trial.

Courtney

[Quoted text hidden]
--
Courtney R. Jordan
SULI LAW, PLLC
[Quoted text hidden]