IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

   Plaintiff,

v.                                                            Case No. 25-CR-012-JFH

LESHON EUGENE JOHNSON,

   Defendant.

## OPINION AND ORDER

Before the Court is Defendant's Motion to Extend his deadline to file a motion for new trial. Dkt. No. 219. Rule 33(b)(2) of the Federal Rules of Criminal Procedure requires a motion for new trial, other than one grounded on newly discovered evidence, to be filed within 14 days after the verdict or finding of guilt. Fed. R. Crim. P. 33(b)(2). Defendant, acting pro se, filed a motion for new trial on August 13, 2025. Dkt. No. 216. However, the Court denied that motion without prejudice on August 20, 2025. Dkt. No. 218. Six days later, on August 26, 2025, Defendant (acting through his counsel of record) filed this current Motion asking the Court to extend his deadline by twenty-one (21) days to file another motion for new trial. Dkt. No. 219.

The Government does not object to Defendant's Motion to Extend as untimely, nor does any potential untimeliness pose a jurisdictional bar to Defendant's Motion to Extend under Rule 33. *See Eberhart v. United States*, 546 U.S. 12, 16 (2005); *see also United State v. Mitchell*, 518 F. 3d 740, 745 (10th Cir. 2008). Furthermore, the Government does not oppose Defendant's

Motion to Extend if four conditions are imposed. Dkt. No. 221. First, the Government asks that Defendant's future motion for new trial be written, signed, and filed by his counsel of record. *Id.* at 3. Second, the Government asks the Court to limit Defendant's extension from twenty-one (21) days to seven (7) days. *Id.* at 3-4. Third, the Government requests that Defendant's future motion for new trial be limited to fifteen (15) pages. *Id.* at 4. Fourth, the Government requests that it be afforded at least two weeks to respond to Defendant's future motion for new trial. *Id.*

The Court finds the Government's rationale for these conditions to be reasonable and fair, so it will impose conditions one, two, and four. However, the Court will afford Defendant more pages than the Government requests. Although the Court's Local Criminal Rules are silent on the maximum number of typewritten pages for motions, LCvR 7.1(c) prescribes a maximum of twenty-five (25) pages. The Court adopts that maximum number here.

IT IS THEREFORE ORDERED that Defendant's Motion to Extend [Dkt. No. 219] is GRANTED with the following conditions imposed:

(1) Defendant's motion for new trial must be written, signed, and filed by his counsel of record;

(2) His counsel of record must file Defendant's motion for new trial by September 12, 2025; and

(3) His motion for new trial must be twenty-five (25) typewritten pages or less.

IT IS FURTHER ORDERED that the Government must respond to Defendant's motion for new trial within fourteen days after Defendant files his motion.

Dated this 5th day of September 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE