# *United States v. LeShon Johnson*, 6:25-cr-12-JFH

# Exhibit L to Govt.'s Mot. for Upward Variance

FILED
2026 May-29 PM 02:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

v.

Case Number 2:24-cr-122-LCB-NAD

CARLTON LENARD ADAMS
Defendant.

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, CARLTON LENARD ADAMS, was represented by Daniel Fortune.

On motion of the United States, the court has dismissed count(s) 1, 3, 4, 5, 6, 7, 8, 10, 11, 13, and 14.

The defendant pleaded guilty to count(s) 2, 9, 12, 15, 16, and 17. Accordingly, the defendant is adjudged guilty of the following count(s), involving the indicated offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 7 U.S.C. § 2156(b); 18 U.S.C. §§ 49 & 2 | Knowingly Possessing a Dog for Purposes of Having the Dog Participate in an Animal Fighting Venture | 2,9,12, and 15 |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm | 16 and 17 |

As pronounced on May 26, 2026, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $600.00, for count(s) 2, 9, 12, 15, 16, and 17, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

**DONE** and **ORDERED** this May 27, 2026.

LILES C. BURKE
U.S. DISTRICT JUDGE

Defendant: CARLTON LENARD ADAMS
Case Number: 2:24-cr-122-LCB-NAD

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **thirty (30) months** as to Counts 2, 9, 12, and 15, with each count to run separate and consecutive with each other for a total term of **one hundred-twenty (120) months**. The defendant is further sentenced to a term of **forty (40) months** as to Counts 16 and 17, separately and concurrently with each other and Counts 2,9,12, and 15.

The Court makes the following recommendations to the Bureau of Prisons:

1. The Court recommends that the defendant be housed in a facility near Birmingham, Alabama.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

Defendant delivered on ________________ to ___________________________ at _____________________ __________________, with a certified copy of this Judgment.

__________________________________________
United States Marshal

By __________________________________________
Deputy Marshal

Defendant: CARLTON LENARD ADAMS
Case Number: 2:24-cr-122-LCB-NAD

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years as to Counts 2,9,12,15, 16, and 17, separate and concurrent. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced (if placed on probation) or released from custody (if supervised release is ordered), unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3) You must not commit another federal, state, or local crime.
4) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers). Revocation of supervision is mandatory for possession of a firearm.
5) You must not unlawfully possess a controlled substance.
6) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. You must contribute to the cost of drug testing unless the probation officer determines you do not have the ability to do so. Based upon a court order entered during the period of supervision for good cause shown or resulting from a positive drug test or evidence of excessive use of alcohol, you shall be placed in the Substance Abuse Intervention Program (SAIP) (or comparable program in another district).
7) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
8) You must follow the instructions of the probation officer related to the conditions of supervision.
9) You must answer truthfully the questions asked by the probation officer.
10) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. (If you have been convicted of a crime of violence or a drug trafficking offense, the probation office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b) and (c) if you change your residence.)
11) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
12) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as the position or the job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
13) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
14) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
15) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
16) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk, and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
17) You must fully and truthfully disclose financial information as requested by the probation officer related to the conditions of supervision. Financial information may include, but is not limited to, authorization for release of credit information, bank records, income tax returns, documentation of income and expenses, and other financial information regarding personal or business assets, debts, obligations, and/or agreements in which the defendant has a business involvement or financial interest.
18) You must support all dependents.

Defendant: CARLTON LENARD ADAMS
Case Number: 2:24-cr-122-LCB-NAD

**CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE**

19) You must comply with the probation office's Policies and Procedures Concerning Court-Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, you must notify the probation officer of any change in your economic circumstances that might affect your ability to pay a fine, restitution, or assessment fee. If you become more than 60 days delinquent in payments of financial obligations, you may be: (a) required to attend a financial education or employment preparation program under the administrative supervision of the probation officer; (b) placed on home detention subject to location monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (and you must pay the cost of monitoring unless the probation officer determines you do not have the ability to do so); and/or (c) placed in a community corrections center for up to 180 days under the administrative supervision of the probation officer (and you must pay the cost of subsistence unless the probation officer determines you do not have the ability to do so).

Defendant: CARLTON LENARD ADAMS
Case Number: 2:24-cr-122-LCB-NAD

**SPECIAL CONDITIONS OF SUPERVISION**

While the defendant is on supervised release pursuant to this Judgment:

1) You must cooperate in the collection of DNA under the administrative supervision of the probation officer.
2) You must not use or possess any narcotic or controlled substance except as prescribed to you by a licensed medical practitioner, and you must follow the instructions on the prescription. You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption, except as with the prior approval of the probation officer.
3) You must not go to, or remain at, any place where you know controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.
4) You must participate in the Substance Abuse Intervention Program (SAIP) (or comparable program in the district of supervision) under the administrative supervision of the probation officer, and you must comply with the requirements and rules of the program. This program includes the following components: (a) testing by the probation officer or an approved vendor to detect prohibited drug or alcohol use; (b) substance abuse education; (c) outpatient substance abuse treatment, which may include individual or group counseling, provided by the probation office or an approved vendor, and/or residential treatment; (d) placement in a community corrections center (halfway house) for up to 270 days; and/or (e) home confinement subject to electronic monitoring for up to 180 days. You must contribute to the costs of participation unless the probation officer determines you do not have the ability to do so.
5) You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.
6) You must not incur any new debts (other than normal debts for existing utilities, rental expenses, or mortgage payments), increase existing credit lines, or open any new lines of credit without the permission approval of the probation officer unless and until all court-ordered financial obligations have been paid in full. New debt includes contracts which obligate payments, credit agreements, and loans, including those with friends and family members.
7) You must maintain a single checking and/or savings account in your own legal name. You must deposit all personal income and monetary gains into the account(s) and must pay all personal expenses from this account.
8) You must submit your person, property, house, residence, vehicle, office, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), and other electronic communications or data storage devices or media, to a search conducted by the probation officer. Failure to submit to a search may be grounds for revocation of supervision. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of supervision and the areas to be searched contain evidence of this violation. Any search must be conducted in a reasonable time and in a reasonable manner.
9) You are not allowed to own or possess any dogs, including through a third party.

Defendant: CARLTON LENARD ADAMS
Case Number: 2:24-cr-122-LCB-NAD

## RESTITUTION AND FORFEITURE

### RESTITUTION

The Court will enter a separate restitution order upon the conclusion of the Restitution Hearing set for May 29, 2026.

Payments of restitution are to be made to Clerk, U. S. District Court, for transfer to the payee(s).

Restitution is due and payable immediately.

Pursuant to 18 U.S.C. § 3664 (i), all nonfederal victims must be paid before the United States is paid. If there are multiple payees, any payment not made directly to a payee shall be divided proportionately among the payees named unless otherwise specified here:

**Note: The victim's recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim receives full restitution.**

### FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

1. A Cobray/SWD Co., Street Sweeper model, 12-guage shotgun; and,

2. A Smith & Wesson, Bodyguard model, .38 caliber pistol; and,

3. A Bravo Company Manufacturing, Inc. model KMR-A, .300 BLK pistol; and,

4. Any accompanying magazines and ammunition.

Payments made during the term of imprisonment, the term of supervision, or otherwise, do not preclude the government from using other assets or income of the defendant to satisfy this restitution obligation.

FILED
2026 May-29 PM 02:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

**2:24-cr-122-LCB-NAD**
**Carlton Lenard Adams**
**Court's Exhibit 1**

FILED
MAY 26 2026
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

While on supervised release, the defendant shall comply with all the standard and special conditions previously imposed along with the additional special conditions:

1. You must cooperate in the collection of DNA under the administrative supervision of the probation officer.

*Due to your reported substance abuse history, the following conditions are imposed:*

2. You must not use or possess any narcotic or controlled substance except as prescribed to you by a licensed medical practitioner, and you must follow the instructions on the prescription. You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption, except with the prior approval of the probation officer.

3. You must not go to, or remain at, any place where you know controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.

4. You must participate in the Substance Abuse Intervention Program (SAIP) (or comparable program in the district of supervision) under the administrative supervision of the probation officer, and you must comply with the requirements and rules of the program. This program includes the following components: (a) testing by the probation officer or an approved vendor to detect prohibited drug or alcohol use; (b) substance abuse education; (c) outpatient substance abuse treatment, which may include individual or group counseling, provided by the probation office or an approved vendor, and/or residential treatment; (d) placement in a community corrections center (halfway house) for up to 270 days; and/or (e) home confinement subject to electronic monitoring for up to 180 days. You must contribute to the costs of participation unless the probation officer determines you do not have the

ability to do so.

*Due to restitution ordered in your case, the following conditions are imposed:*

5. You must make restitution in accordance with 18 U.S.C. § 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.

6. You must not incur any new debts (other than normal debts for existing utilities, rental expenses, or mortgage payments), increase existing credit lines, or open any new lines of credit without the approval of the probation officer unless and until all court-ordered financial obligations have been paid in full. New debt includes contracts which obligate payments, credit agreements, and loans, including those with friends and family members.

7. You must maintain a single checking and/or savings account in your own legal name. You must deposit all personal income and monetary gains into the account(s) and must pay all personal expenses from this account.

*Due to the nature of the instant offense, the following conditions are imposed:*

8. You must submit your person, property, house, residence, vehicle, office, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), and other electronic communications or data storage devices or media, to a search conducted by the probation officer. Failure to submit to a search may be grounds for revocation of supervision. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of supervision and the areas to be searched contain evidence of this violation. Any search must be conducted in a reasonable time and in a reasonable manner.

9. You are not allowed to own or possess any dogs, including through a third party.

Carlton-Leonard: Adams ©
Signature of Defendant

5/26/26
Date

Signature of Attorney