*United States v. LeShon Johnson*,
6:25-cr-12-JFH

Exhibit M to Govt.'s Mot. for Upward Variance

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
)
)
PLAINTIFF, )
)
VS ) CASE NO. 7:10-CR-135-1BO
)
)
HARRY HARGROVE, )
)
DEFENDANT. )

SENTENCING HEARING

AUGUST 4, 2011

HONORABLE TERRENCE W. BOYLE, PRESIDING

APPEARANCES:

MS. BANU RANGARAJAN
ASSISTANT UNITED STATES ATTORNEY
310 NEW BERN AVENUE
RALEIGH, NC 27601
(FOR THE GOVERNMENT)

MS. SHERRI ALSPAUGH
ASSISTANT FEDERAL PUBLIC DEFENDER
150 FAYETTEVILLE STREET
SUITE 450
RALEIGH, NC 27601
(FOR THE DEFENDANT)

SHARON K. KROEGER, COURT REPORTER
MACHINE SHORTHAND REPORTER, COMPUTER AIDED TRANSCRIPTION

I N D E X

WITNESSES

| NAME | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| (FOR THE GOVT.) | | | | |
| MARK BARNHART | 19 | 36 | | |

UNDETERRED, AND SO A SIGNIFICANT SENTENCE IN THIS CASE IS WARRANTED.

SO THE GOVERNMENT WOULD ASK WHETHER IT'S BY DEPARTURE, VARIANCE, OR GUIDELINE, THAT THE COURT IMPOSE A SIGNIFICANT SENTENCE AT THE STATUTORY MAX.

THE COURT: ALL RIGHT. DO YOU WANT TO SAY ANYTHING? AS I SAID BEFORE, I AM PREPARED TO SENTENCE HIM UNDER THE GUIDELINES, AND ALSO IN THE ALTERNATIVE TO MAKE AN UPWARD DEPARTURE AND VARIANT UPWARD SENTENCE.

MS. ALSPAUGH: YES, YOUR HONOR, I WOULD. FIRST OF ALL, TO THE EXTENT THAT IT IS NECESSARY, WE WOULD OBJECT TO THE COURT'S GUIDELINE FINDINGS.

THE COURT: WELL, I AM GOING TO GO THROUGH THEM AGAIN AND YOU CAN OBJECT TO ALL OF THEM. YOU HAVE GOT THE RIGHT TO APPEAL, AND I GUESS YOU WILL, SO YOU KNOW. IT SEEMS TO ME THAT THE SALIENT OR CRITICAL EVENT GIVEN THE INCREDIBLY BARBARIC NATURE OF THIS CASE, THE CRITICAL EVENT WAS BEING ABLE TO MANAGE A PLEA TO ONE FIVE-YEAR COUNT. THAT DROVE THE WHOLE OUTCOME OF THIS CASE, BECAUSE IF HE HAD BEEN CHARGED INDEPENDENTLY AND -- WAS THIS AN INFORMATION?

MS. ALSPAUGH: NO, SIR.

THE COURT: NO. IF HE HAD BEEN INDICTED FOR OTHER CHARGES, HE WOULD BE FACING SIGNIFICANTLY MORE TIME. SO ALL OF THE LAWYERING, IN MY OPINION, WENT INTO

GETTING ONE FIVE-YEAR CHARGE, AND ONCE THAT FIVE YEARS WAS LOCKED IN, THEN THAT WAS HIS EXPOSURE.

I MEAN, IT'S -- IT WOULD BE SHOCKING TO THE PEOPLE OF AMERICA TO KNOW THAT A SENTENCING COMMISSION, UNELECTED, HAS A GUIDELINE RANGE IN CATEGORY I. WHAT IS CATEGORY I OF NUMBER 8?

THE PROBATION OFFICER: ZERO TO SIX MONTHS.

THE COURT: ZERO TO SIX MONTHS. I MEAN, I WOULD SAY THAT OTHER THAN THE CRIMINAL DOG FIGHTERS IN AMERICA, EVERY OTHER PERSON IN AMERICA WOULD BE SHOCKED BEYOND BELIEF THAT YOU COULD DO WHAT HE DID AND COME OUT WITH A FEDERAL SENTENCE OF ZERO TO SIX MONTHS.

AND THAT SO DEMONSTRATES THE IRRATIONALITY OF GUIDELINE SENTENCING, WHEN IF YOU HAD A FEW GRAMS OF CRACK, YOU WOULD GET TEN YEARS, OR IF YOU WERE A BANK TELLER AND TOOK A FEW DOLLARS, YOU MIGHT GET UP TO 30 YEARS. BUT YOU COULD DO WHAT HE HAS DONE, ADMITTEDLY, OVER DECADES, AND COME OUT WITH A ZERO TO SIX MONTHS GUIDELINE. BEYOND IRRATIONALITY. NO ONE COULD DEFEND THAT. NO JUDGES. NO LEGISLATORS. NO PRESIDENT. NO ONE COULD DEFEND THAT.

MS. ALSPAUGH: YOUR HONOR, I WOULD --

THE COURT: SOCIETY WOULD CRY OUT FOR IT. I MEAN, A LARGE PART OF THE PUBLIC WOULD WANT HIM TO GET THE DEATH SENTENCE FOR WHAT HE HAS DONE. NOW, THAT MIGHT

COME OFFER HIM I THINK IT WAS $24,000 FOR FOUR DOGS. SO HE IS CLEARLY STILL BREEDING AND SELLING, SO IT'S NOT AS IF HE IS GETTING OUT OF THE BUSINESS, YOUR HONOR.

MS. ALSPAUGH: YOUR HONOR, I WOULD POINT OUT TO THE COURT THAT THE VIDEO TAPE ALSO SHOWS THE INFORMANT ASKING MR. HARGROVE IF HE WAS GOING TO HOOK ANYTHING ANY MORE, MEANING IS HE GOING TO MATCH ANY DOGS ANYMORE, AND MR. HARGROVE SAID HE WAS NOT GOING TO TRY TO DO THAT ANYMORE, I HAVE GOT WAY TOO MUCH OTHER STUFF TO DO. THAT ALSO WAS ON THE VIDEO TAPE.

THE COURT: I WILL GIVE HIM THE TWO LEVEL REDUCTION, BUT THE CRIMINAL HISTORY CATEGORY IS IV. WHAT IS 18, IV?

THE PROBATION OFFICER: 41 TO 51 MONTHS.

THE COURT: OKAY. ALL RIGHT. AS A GUIDELINE SENTENCE, I WOULD SENTENCE HIM TO 51 MONTHS IN THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS. BUT I FIND THAT UNDER 3553, AN UPWARD DEPARTURE TO A LEVEL 20, CATEGORY IV, IS APPROPRIATE, AND SO I WOULD SENTENCE HIM TO 60 MONTHS. THE RANGE IS 51 TO 60 MONTHS IN THE BUREAU OF PRISONS.

AND IN THE ALTERNATIVE, I WOULD VARY MY SENTENCE IF THE GUIDELINES WERE DETERMINED NOT TO BE APPROPRIATE OR IF THE UPWARD DEPARTURE WAS TERMED NOT TO BE APPROPRIATE UNDER 3553, AND I WOULD IMPOSE AN UPWARD

VARIANCE TO 60 MONTHS IN THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS.

AND HE IS GIVEN A TERM OF SUPERVISED RELEASE OF THREE YEARS ON THE CONDITION HE NOT VIOLATE ANY FEDERAL, STATE OR LOCAL LAW, PAY A SPECIAL ASSESSMENT OF $100.

HE IS GIVEN CREDIT FOR THE TIME SERVED, AND I WILL RECOMMEND HIM TO BUTNER.

MS. RANGARAJAN: YOUR HONOR, IF ON APPEAL, FOR PURPOSES OF THE RECORD ON APPEAL, IF THE APPELLATE COURT DETERMINES THAT THE OBJECTIONS SHOULD HAVE BEEN OVERRULED OR SUSTAINED, WE WOULD ASK THE COURT STATE FOR THE RECORD THAT EVEN THEN THE ALTERNATIVE SENTENCE WOULD STILL BE THE VARIANT SENTENCE THAT THE COURT --

THE COURT: IF I HAD SUSTAINED THE DEFENDANT'S OBJECTIONS AND COME UP WITH A GUIDELINE RANGE THAT THE DEFENDANT DID NOT OBJECT TO, I WOULD STILL HAVE IMPOSED BOTH THE UPWARD DEPARTURE TO 60 MONTHS AND AN UPWARD VARIANCE TO 60 MONTHS.

MS. RANGARAJAN: THANK YOU, YOUR HONOR.

MS. ALSPAUGH: YOUR HONOR, WITH RESPECT TO THE ACCEPTANCE OF RESPONSIBILITY, WE WOULD ASK THAT THE COURT GIVE HIM THE FULL THREE POINTS FOR ACCEPTANCE. THE GOVERNMENT ITSELF HAS ARGUED TO THE COURT THAT HE, HIMSELF, SAID THAT HE HAD BEEN DOING THIS FOR 40 YEARS,

CERTIFICATE

THIS IS TO CERTIFY THAT THE FOREGOING TRANSCRIPT OF PROCEEDINGS TAKEN IN THE UNITED STATES DISTRICT COURT IS A TRUE AND ACCURATE TRANSCRIPTION OF THE SHORTHAND NOTES OF THE PROCEEDINGS TAKEN BY ME IN MACHINE SHORTHAND AND TRANSCRIBED BY COMPUTER UNDER MY SUPERVISION.

DATED THIS 3RD DAY OF OCTOBER, 2011.

/S/ SHARON K. KROEGER
COURT REPORTER